J-S23007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ELVINO ALBERTO CAGNARDI | |
| Appellant | No. 3246 EDA 2015 |

Appeal from the PCRA Order October 1, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002980-2011

BEFORE: PANELLA, J., OTT, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED MAY 19, 2016**

Appellant, Elvino Alberto Cagnardi, appeals *pro se* from the order entered on October 1, 2015, in the Court of Common Pleas of Monroe County, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Cagnardi entered an open guilty plea to aggravated assault, stemming from his admission that he pointed a gun at his ex-girlfriend's head, pulled the trigger, and then repeatedly struck her over the head with the gun after it failed to discharge. The trial court subsequently imposed a sentence of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

nine to eighteen years' imprisonment. The trial court denied Cagnardi's post-sentence motion. This Court affirmed the judgment of sentence.

On June 11, 2015, Cagnardi filed a timely *pro se* PCRA petition. After providing Rule 907 notice, the PCRA court dismissed Cagnardi's petition. This timely appeal followed.

On appeal, Cagnardi alleges that his trial counsel was ineffective for failing to present mitigating evidence showing that his ex-girlfriend was abusive toward him during their relationship, for failing to advise him of the difference between a plea bargain and an open plea, and for failing to support his decision to withdraw his guilty plea. Cagnardi also argues that the trial court abused its discretion by refusing to admit certain mitigating evidence and by denying his request to withdraw his guilty plea.[2]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. Super. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence

_____

[2] These claims are not cognizable under the PCRA. Cagnardi previously raised his claim that the trial court refused to admit certain mitigating evidence in his direct appeal, and this Court ruled on its merits; thus, the claim has been previously litigated and is barred from postconviction review. ***See*** 42 Pa.C.S.A. § 9544(a)(2). Cagnardi's claim that the trial court abused its discretion by denying his request to withdraw his guilty plea is waived because he could have raised it at a prior proceeding, yet he failed to do so. ***See*** 42 Pa.C.S.A. § 9544(b).

of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

We have reviewed the briefs of the parties, the certified record, and the trial court's well-written Notice of Proposed Dismissal Pursuant to Pa.R.Crim.P. 907, which it adopted in its Pa.R.C.P. 1925(a) opinion. After careful review, we have determined that the Honorable Arthur L. Zulick, in his Rule 907 notice, ably and comprehensively disposes of the issues presented on appeal. We affirm based on that opinion. ***See*** Notice of Proposed Dismissal Pursuant to Pa.R.Crim.P. 907, at 3-11.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2016

- 3 -